Lisa S. Kantor, Esq. State Bar No. 110678
  e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. State Bar No. 199634
  e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:   (818) 886-2525
Facsimile:    (818) 350-6272

Attorneys for Plaintiff,
David Ridenour

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIDENOUR,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; PENALTIES; ATTORNEYS' FEES AND COSTS** |

**PRELIMINARY ALLEGATIONS**

1.　　Jurisdiction – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff David Ridenour is, and was at all relevant times, a resident of the State of Virginia.

3. Plaintiff was at all relevant times a participant in the Orrick, Herrington & Sutcliffe LLP Welfare Benefit Plan ("Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff's son, B.R.[1], age 6, is entitled to health care benefits as a covered dependent under the Plan.

4. Plaintiff is informed and believes that the sponsor of the Plan, Orrick, Herrington & Sutcliffe LLP, has its principal place of business in the City and County of San Francisco, California.

5. Plaintiff is informed and believes that the Plan is insured and administered by Defendant Cigna Health and Life Insurance Company ("Cigna"). Plaintiff is informed and believes that Cigna is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in this judicial district, the Northern District of California, and can be found in the Northern District of California.

6. Plaintiff is informed and believes that Cigna issued the insurance policy that funds this Plan in the State of California and independent medical reviews ("IMR"s) regarding coverage under the Plan are governed by the California Department of Insurance and California Insurance Code Section 10169.

**FIRST CAUSE OF ACTION AGAINST CIGNA**
**FOR DENIAL OF BENEFITS**

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

---

[1] Plaintiff is a minor and is thereby referenced by his initials, B.R., pursuant to Federal Rules of Civil Procedure 5.2(a)(1)(3).

8. At 7-months of age, B.R. suffered a severe traumatic brain injury. B.R. suffered bilateral occipital and suboccipital skull fractures as well as scalp hematoma and a cortical irregularity of the spinous process of the C3 vertebral body.

9. B.R.'s severe traumatic brain injury was multifocal and has resulted in global impairments. These significant deficits continue to manifest and affect B.R.'s physical and cognitive abilities and ability to perform activities of daily living.

10. By 2010, B.R.'s global impairments included a lack of any expressive language. Therefore, under recommendation by his pediatrician, Dr. Samuel Weinstein, B.R. began rehabilitative services including occupational and speech therapy to improve his physical and cognitive abilities and ability to perform activities of daily living, as well as to prevent other developmental and/or neuropsychological disorders.

11. Cigna denied benefits for speech therapy as not medically necessary for dates of service November 4, 2010 through December 14, 2010 and forward.

12. Plaintiff appealed the denial twice and submitted supporting letters from Dr. Weinstein and B.R.'s pediatric speech language pathologist which documented significant speech and motor planning disorder as well as a language disorder impacting B.R.'s ability to express his basic needs.

13. On March 31, 2011, Cigna denied Plaintiff's second appeal based on the speech and language therapy as not medically necessary.

14. On July 21, 2011, Plaintiff submitted an IMR request to the California Department of Insurance ("DOI").

15. On October 17, 2011, the IMR determined that speech therapy was medically necessary for B.R. and that Cigna's denial should be overturned for all prior and prospective dates of service.

16. The IMR was conducted by a physician board certified in pediatrics, neurology, and psychiatry with special competence in child neurology and sub-specialty certification in clinical neurophysiology.

17. Following the IMR decision and for the next two years, Cigna delayed reimbursement on nearly all of B.R.'s claims by months. Cigna also underpaid claims for B.R.'s treatment prompting the DOI to conduct a regulatory review.

18. Beginning December 2013, Cigna stopped processing all claims for B.R.'s treatment. In a January 14, 2014 letter, Cigna wrote to Plaintiff that it was performing a random audit of Plaintiff's claim for treatment by B.R.'s occupational therapist for dates of service from December 2, 2013 to January 9, 2014. Cigna requested information on proof of payment, Dr. Weinstein's order for B.R.'s treatment, and B.R.'s treatment plan.

19. On January 23, 2014, Plaintiff submitted the requested information to Cigna.

20. On January 23, 2014, Cigna wrote that it also required daily treatment notes and "copies of your actual Visa credit card statements as opposed to receipts" for treatment dates specified in Cigna's prior letter.

21. On January 24, 2014, Plaintiff submitted the additional requested information to Cigna.

22. On January 29, 2014, Cigna informed Plaintiff that it had received all information requested for its audit.

23. Despite multiple requests, Cigna failed to respond to inquiries from Plaintiff regarding the failure to process and pay claims for B.R.'s treatment.

24. On February 12, 2014, Plaintiff submitted a complaint to the DOI regarding Cigna's failure to pay claims.

25. On March 17, 2014, Cigna wrote to the DOI and Plaintiff stating that it denied all claims for B.R.'s occupational therapy on the basis that such treatment was not medically necessary.

26. On March 27, 2014, pursuant to a request from the DOI, Cigna agreed to reprocess and pay claims submitted prior to March 18, 2014. The DOI and Cigna agreed that Plaintiff's appeal requirement in the plan was waived and Plaintiff could

1    immediately submit an IMR to the DOI regarding Cigna's denial of prior and
2    prospective claims for B.R.'s rehabilitative therapies.

3        27.    On April 16, 2014, Plaintiff submitted an IMR request to the DOI.  The
4    IMR request included Dr. Weinstein's most recent prescription for B.R. to receive
5    rehabilitative therapy for up to 35 hours per week, an individualized treatment plan,
6    letters of medical necessity, evaluations, and medical records.

7        28.    On April 29, 2014, the IMR agreed with Dr. Weinstein and determined
8    that the treatments requested "were and are medically necessary for this patient" and
9    that Cigna's denial should be overturned for all prior and prospective dates of
10   service.

11       29.    The IMR was conducted by a physician board certified in pediatrics,
12   with sub-specialty certification in developmental-behavioral pediatrics.

13       30.    Following the second IMR decision, Cigna delayed processing all
14   claims and reimbursement for months, prompting the DOI to track Cigna's claims
15   payments and conduct a separate regulatory review.

16       31.    On July 23, 2014, Cigna wrote that it would not cover claims for more
17   than 30 hours of therapy per week on the assertion that Dr. Weinstein only
18   prescribed 20-30 hours of therapy per week.  In fact, Dr. Weinstein prescribed up to
19   35 hours of therapy per week.  Cigna also requested that going forward, Plaintiff
20   submit "daily treatment records for each date of service submitted" with each claim.

21       32.    On August 6, 2014, the DOI informed Plaintiff that Cigna agreed to
22   process claims for 35 hours per week of rehabilitative therapy.

23       33.    On August 8, 2014, Cigna wrote that it reserved the right to re-review
24   the number of hours submitted for future claims based on the request for clinical
25   notes.

26       34.    In an August 26, 2014 letter, Cigna wrote to Plaintiff that it was not
27   "our intent to override any information provided by [B.R.'s] health care
28   professionals or the Independent Medical Review Board."  Yet Cigna's actions

1 directly contradicted its alleged "intent" as Cigna admitted that it sought clinical notes to "determine if services are still needed and if they are effective."

35. Despite Plaintiff submitting the requested daily treatment notes, Cigna continued to delay processing and reimbursement of all claims for months.

36. On October 23, 2014, Cigna wrote to Dr. Weinstein and questioned his medical recommendations for B.R.'s treatment, including the type, length, and quantity of treatment, and stated that they could terminate his clinic's participation agreement with Cigna if he failed to promptly respond.

37. On November 10, 2014, Dr. Weinstein wrote to Cigna and confirmed his prescription of 35 hours per week of rehabilitative therapy for B.R.

38. In November 2014, Dr. Weinstein and Cigna's Dr. Frank L. Brown spoke by telephone to discuss B.R.'s treatment and Dr. Weinstein explained his treatment recommendations.

39. On November 25, 2014, Cigna's Dr. Brown wrote to Dr. Weinstein with additional lengthy questions again questioning Dr. Weinstein's medical recommendations for B.R.'s treatment.

40. On November 26, 2014, Cigna's Dr. Daniel J. Nicoll, Cigna's National Medical Director for Fraud and Abuse, wrote to the DOI and explained its delay in processing all claims for B.R. Although Dr. Nicoll is not a pediatrician and has not been in private practice since 1992, he wrote that it was his opinion that B.R.'s treatment was medically unnecessary and he "felt it was necessary" to seek an opinion from MES, a third party review company paid by Cigna. Dr. Nicoll enclosed an MES report that Cigna obtained in September 2014 which opined that B.R.'s treatment was not medically necessary.

41. On December 16, 2014 and January 6, 2015, Plaintiff submitted requests for the Cigna claim file, claims manual and policies, Summary Plan Descriptions, and administrative services agreements between Cigna and the Plan. Cigna did not respond to Plaintiff's requests.

42. Plaintiff has incurred damages in the amount of unpaid benefits for B.R.'s treatment exceeding $335,000.00.

43. Defendant wrongfully denied Plaintiff's claims for benefits in the following respects, among others:

    (a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that B.R. was entitled to those benefits under the terms of the Plan;

    (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

    (c) After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary;

    (d) Failure to pay for the treatment which Defendant determined was medically necessary;

    (e) Failure to pay for the treatment which was determined medically necessary by two IMR decisions; and

    (f) Failure to properly and adequately investigate the merits of the claims.

44. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

45. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

46. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred for B.R.'s treatment, in a total sum to be proven at the time of trial.

47. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

48. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan.

## SECOND CAUSE OF ACTION AGAINST CIGNA
## FOR EQUITABLE RELIEF

49. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

50. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Restitution of all past benefits due to Plaintiff for B.R.'s treatment, plus prejudgment and post-judgment interest at the lawful rate;

    (b) A mandatory injunction requiring Defendant to immediately qualify B.R. for medical benefits due and owing under the Plan, and;

    (c) Such other and further relief as the Court deems necessary and proper to protect the interests of B.R. under the Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health insurance benefits due under the Plan for B.R.'s treatment;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

Dated: July 01, 2015                    KANTOR & KANTOR, LLP


                                        By: /s/ Elizabeth K. Green
                                            Elizabeth K. Green
                                            Attorneys for Plaintiff,
                                            David Ridenour