1    EMILY S. COSTIN (State Bar No. 240414)
     **ALSTON & BIRD LLP**
2    950 F Street, NW
     Washington, DC  20004
3    Telephone:  202-239-3695
     Facsimile:  202-239-3333
4    E-mail: emily.costin@alston.com

5
     RYAN T. MCCOY (State Bar No. 239882)
6    **ALSTON & BIRD LLP**
     333 South Hope Street, 16th Floor
7    Los Angeles, CA  90071-1410
     Telephone: 213-576-1000
8    Facsimile:  213-576-1100
     E-mail:  ryan.mccoy@alston.com
9

10   Attorneys for Defendant
     CIGNA HEALTH AND LIFE INSURANCE CO.
11
                   **UNITED STATES DISTRICT COURT**
12
                  **NORTHERN DISTRICT OF CALIFORNIA**
13

14   DAVID RIDENOUR,                          Case No.  3:15-cv-03051-LB

15              Plaintiff,                     **DEFENDANT CIGNA'S NOTICE OF
                                               MOTION AND MOTION TO
16        v.                                   TRANSFER VENUE PURSUANT TO 28
                                               U.S.C. § 1404(a); MEMORANDUM OF
17   CIGNA HEALTH AND LIFE INSURANCE           POINTS AND AUTHORITIES IN
     COMPANY,                                  SUPPORT THEREOF
18
                Defendant.                     [Filed Concurrently with the Declaration of Dr.
19                                             Frank L. Brown, M.D. and Proposed Order]

20                                             Date: October 1, 2015
                                               Time: 9:30 a.m.
21                                             Dept.: Courtroom C, 15th Floor

22                                             Complaint Filed: July 1, 2015

23

24

25

26

27

28

DEFENDANT'S MOTION TO TRANSFER VENUE                        (Case No.  3:15-cv-03051-LB)

1    **TO THE HONORABLE COURT, ALL PARTIES, THEIR ATTORNEYS OF**

2    **RECORD, AND THE CLERK OF THIS COURT:**

3         PLEASE TAKE NOTICE THAT on October 1, 2015 at 9:30 a.m. at the United States

4    Courthouse, Courtroom C, 15th Floor, Phillip Burton Federal Building, 450 Golden Gate Avenue,

5    San Francisco, CA 94102, or as soon thereafter as counsel may be heard, Defendant Cigna Health

6    and Life Insurance Company ("Cigna") will move this Honorable Court for an order transferring

7    venue of the above-captioned case to the United States District Court for the Eastern District of

8    Virginia (Alexandria Division) pursuant to 28 U.S.C. § 1404(a).

9         Defendant's Motion is made pursuant to 28 U.S.C. § 1404(a).  The above-captioned action

10   could have been initiated in the Eastern District of Virginia.  The interest of justice will be served by

11   transferring this case to the Eastern District of Virginia, where Plaintiff resides.  The convenience of

12   the parties and witnesses will further be served by transferring this case to the Eastern District of

13   Virginia where the majority of the non-party witnesses are located.  This Motion is based upon this

14   Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration

15   of Dr. Frank L. Brown, M.D. and supporting exhibits; and all pleadings on record in this case.

16

17   DATED:  August 18, 2015                                  Respectfully submitted,

18                                                            **ALSTON & BIRD LLP**
                                                             By: */s/ Emily S. Costin*
19                                                               Emily S. Costin (State Bar No. 240414)
                                                                 950 F St., NW
20                                                               Washington, DC 20004
                                                                 Telephone: (202) 239-3300
21                                                               Facsimile:  (202) 239-3333
                                                                 Emily.costin@alston.com
22

23                                                           and

24                                                               Ryan T. McCoy (State Bar No. 239882)
                                                                 333 South Hope Street, 16th Floor
25                                                               Los Angeles, CA  90071-1410
                                                                 Telephone:  213-576-1000
26                                                               Facsimile:  213-576-1100
                                                                 ryan.mccoy@alston.com
27

28                                                           *Counsel for Def. Cigna Health & Life Ins. Co.*

DEFENDANT'S MOTION TO TRANSFER VENUE            (Case No.  3:15-cv-03051-LB) LEGAL02/35802950v1

1

2

3

**TABLE OF CONTENTS**

4
INTRODUCTION ................................................................................................................ 1

5
BACKGROUND ................................................................................................................. 2

6
ARGUMENT ...................................................................................................................... 3

7
I.      THIS ACTION COULD HAVE BEEN BROUGHT IN THE
8
        EASTERN DISTRICT OF VIRGINIA. ................................................................. 3

9
II.     TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA IS
        PROPER. ................................................................................................................ 4

10
        A.      Plaintiff's Choice Of Forum Holds Only Minimal Weight
11
                Because He Is Not A Resident Of California And The Operative
12
                Facts Of This Case Occurred in Virginia. ................................................. 4

13
        B.      The Convenience Of The Parties Weighs In Favor Of Transfer. ............ 7

14
        C.      The Convenience Of The Witnesses Weighs In Favor Of
15
                Transfer. .................................................................................................... 7

16
        D.      The Ease Of Access To Evidence Weighs In Favor Of Transfer. ........... 8

17
        E.      Familiarity With The Applicable Law Is A Neutral Factor. ................... 8

18
        F.      Court Congestion Weighs In Favor Of Transfer. .................................... 9

19
        G.      The Eastern District of Virginia Has More Of A Local Interest In
20
                Adjudicating This Controversy. .............................................................. 9

21
CONCLUSION ................................................................................................................. 11

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO TRANSFER VENUE                                    (Case No.  3:15-cv-03051-LB)

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

Cartwright v. Regents of Univ. of California,
  No. C 05-4610 PJH, 2006 WL 42337 (N.D. Cal. Jan. 6, 2006) .................................................5

5

6

David v. Alphin,
  No. C06–04763 WHA, 2007 WL 39400 (N.D. Cal. Jan. 4, 2007)............................................9

7

Foster v. Nationwide Mut. Ins. Co.,
  No. C 07-04928 SI, 2007 WL 4410408 (N.D. Cal. Dec. 14, 2007) .....................................5, 9

8

9

Frias v. Aetna Life Ins. Co.,
  No. 14–cv–03146–TEH, 2014 WL 5364105 (N.D. Cal. Oct. 21, 2014) .............3, 4, 6, 7, 8, 10

10

11

Gupta v. Perez,
  No. 5:14–cv–01102 HRL, 2014 WL 2879743 (N.D. Cal. June 24, 2014) ...........................5, 6

12

Lopez v. Chertoff,
  No. C-06–05000 RMW, 2007 WL 2113494 (N.D. Cal. July 20, 2007)...................................5

13

14

M.K. v. Visa Cigna Network POS Plan,
  No. 12-cv-04652-LHK, 2013 WL 2146609 (N.D. Cal. May 15, 2013) ......................6, 7, 9, 10

15

16

Pacific Car & Foundry Co. v. Pence,
  403 F.2d 949 (9th Cir. 1968) ..................................................................................................4

17

Shabani v. Volkswagen Grp. of Am. Inc.,
  No. C 12–02365 LB, 2012 WL 4675047 (N.D. Cal. Oct. 2., 2012) (Beeler, J.) ..................3, 7

18

19

Smart v. Sw. Carpenters Pension Plan,
  No. 6:13–CV–02002–AA, 2014 WL 4125 68 (D. Or. Jan. 30, 2014)...........................4, 5, 10

20

21

Stewart v. Jos. A. Bank Clothiers, Inc.,
  No. C-09-5348 PJH, 2010 WL 545846 (N.D. Cal. Feb. 11, 2010) ......................................5, 7

22

Teets v. Great-West Life & Annuity Ins. Co.,
  No. 2:14–cv–1360 KJM DAD, 2014 WL 4187306 (E.D. Cal. Aug. 21, 2014) ...................3, 9

23

24

Williams v. Bowman,
  157 F. Supp. 2d 1103 (N.D. Cal. 2001) ..................................................................................5

25

26

Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.,
  No. C 03–3711 MHP, 2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) ...................................5

27

**STATUTES**

28

28 U.S.C. § 1404(a) ......................................................................................................................3

1

29 U.S.C. § 1132(e)(2)..............................................................................................................3

2

Cal. Health & Safety Code § 1374.30........................................................................................10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO TRANSFER VENUE                              (Case No.  3:15-cv-03051-LB)

1

### **MEMORANDUM OF POINTS AND AUTHORITIES**

2       Defendant Cigna Health and Life Insurance Company ("Cigna") submits this Memorandum

3   of Points and Authorities in support of its motion to transfer venue to the Eastern District of Virginia

4   pursuant to 28 U.S.C. § 1404(a).

5

### **INTRODUCTION**

6       This case could have – and should have – been brought in the Eastern District of Virginia.

7   Plaintiff David L. Ridenour ("Plaintiff") lives in the Eastern District of Virginia.[1]  Plaintiff's 6-year

8   old son, B.R.[2] (whose medical claims form the basis of the Complaint) lives in the Eastern District of

9   Virginia as well.  All of B.R.'s physicians and therapists – including the occupational therapist

10  providing the services at issue – are based in the Eastern District of Virginia.   The medical benefit

11  claims at issue were submitted to Cigna from Plaintiff's home in the Eastern District of Virginia, and

12  Plaintiff received Cigna's denial of those claims in the Eastern District of Virginia.

13      There is simply no good reason why Plaintiff brought this case in the Northern District of

14  California.  Plaintiff does not live or work in California.  Cigna is not based in California.  The

15  employee welfare plan at issue is not administered in California.[3]  No pertinent witnesses are located

16  in California.   Indeed, Plaintiff's choice of a California forum – far away from his home and without

17  any ties to the controversy – is a clear example of forum-shopping, and deserves minimal (if any)

18  deference.

19      There certainly is no more convenient forum for Plaintiff than where he, his son, and all of

20  his son's physicians and therapists are located – ***the Eastern District of Virginia.***   For the reasons

21  set forth more fully herein, the Court should transfer this action to the Eastern District of Virginia

22  pursuant to 28 U.S.C. § 1404(a).

23

24  _____

    [1]    See Complaint ("Compl.") ¶ 2.   More specifically, Plaintiff resides in Loudoun County,
25  Virginia which is located in the Eastern District of Virginia (Alexandria Division).
    [2]    Pursuant to Federal Rules of Civil Procedure, Rule 5.2(a)(3), the minor child is referenced
26  herein by his initials, B.R.
    [3]    Plaintiff states he is "informed and believes" that his employer's principal place of business
27  is in San Francisco (Compl. ¶ 4), but his employer is not a party to this case; therefore, that is
    irrelevant.   The Plan is clear that it is administered by his employer in Wheeling, West Virginia.
28  See Plan, attached as Exhibit 8, at p. 62.  All Exhibits referenced herein are attached to the
    Declaration of Frank L. Brown, M.D. ("Brown Dec."), which is submitted concurrently herewith.

DEFENDANT'S MOTION TO TRANSFER VENUE                    (Case No.  3:15-cv-03051-LB)

1

## **BACKGROUND**

2      This case arises under the Employee Retirement Income Security Act of 1974, as amended

3   ("ERISA"). Plaintiff is an attorney in the Washington, D.C. office of Orrick, Herrington & Sutcliffe,

4   LLP ("Orrick")[4] and was at all relevant times a participant in the Orrick Welfare Benefit Plan (the

5   "Plan"). (Compl. ¶ 3.) The Plan provides medical benefits for participants and covered dependents,

6   and is an "employee welfare benefit plan" as that term is defined under ERISA, 29 U.S.C. § 1002.[5]

7   The Plan is sponsored by Orrick, and administered by Orrick in its Global Operations Center located

8   in Wheeling, West Virginia.[6] Cigna insures the benefits under the Plan. (Compl. ¶ 5.) Cigna is a

9   corporation with its principal place of business in Connecticut. (Id.)

10      Plaintiff's son, B.R., is a covered dependent under the Plan. (Id. ¶ 3.) In or around 2010,

11   Plaintiff's pediatrician, Dr. Samuel Weinstein of the Virginia Pediatric Group[7] prescribed

12   occupational and speech therapy for B.R. (Id. ¶ 10.) B.R. received treatment from an occupational

13   therapist, Beatrice Bruno, currently d/b/a/ "Big Island Little Hands, LLC." Ms. Bruno purportedly

14   spent 7 hours a day (35 hours per week) providing occupational therapy to B.R. at the Ridenours'

15   residence in Virginia. (See Compl. ¶ 26, referencing letter dated November 26, 2014, attached

16   hereto as Exhibit 5.) However, an independent expert opinion shows that 20 to 35 hours per week of

17   occupational therapy is "extremely excessive" for a child of B.R.'s age, that the notes of treating

18   physicians (all located in Virginia) do not document any improvement or effort to monitor the

19   effectiveness of the alleged treatment and that the medical records do not adequately document the

20   number of hours claimed/billed. (Id.) Moreover, the doctor who prescribed the therapy, Dr.

21   Weinstein, located in Virginia, is unable to assess the effectiveness of the treatment because he does

22   not have training or experience in the relevant specialty. (Id.) Plaintiff's wife, Laura Ridenour

23   ("Ms. Ridenour"), and her four children (including B.R.) apparently lived with Ms. Bruno for a year

24

---

25   [4]   See Biography for David L. Ridenour, available at https://www.orrick.com/lawyers/david-ridenour/Pages/default.aspx.

26   [5]   See Exhibit 8.

27   [6]   See Exhibit 8 at p. 62. Information about Orrick's Global Operations Center in Wheeling, West Virginia is available at https://www.orrick.com/About/Pages/default.aspx.

28   [7]   See Biography for Dr. Samuel Weinstein with Virginia Pediatric Group located in Fairfax and Herndon, Virginia available at https://www.vapg.com/staff/Samuel-Weinstein.html.

-2-

1    in Hawaii in or around 2013/2014, but that temporary arrangement has now concluded and they have

2    all returned to Virginia.

3          The *gravamen* of Plaintiff's Complaint is that Cigna has underpaid, or delayed the processing

4    of, claims for occupational therapy treatment for B.R.  (See Compl. ¶ 43.)  Plaintiff alleges two

5    causes of action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) for "unpaid benefits"

6    and/or "restitution of all past benefits due to Plaintiff for B.R.'s treatment." (Id. ¶¶ 42, 50.)  Plaintiff

7    contends he is directly owed more than $335,000 in unpaid benefits for B.R.'s treatment.  (Id. ¶ 42.)

8    **ARGUMENT**

9          Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action "[f]or the

10   convenience of parties and witnesses [and] in the interest of justice . . .  to any other district or

11   division where it might have been brought." 28 U.S.C. § 1404(a).  A district court has "broad

12   discretion 'to adjudicate motions for transfer according to an individualized, case-by-case

13   consideration of convenience and fairness.'"  Shabani v. Volkswagen Grp. of Am. Inc., No. C 12–

14   02365 LB, 2012 WL 4675047, at *2 (N.D. Cal. Oct. 2., 2012) (Beeler, J.) (quoting Jones v. GNC

15   Franchising, Inc., 211 F.3d 495 (9th Cir. 2000)).   An action may be transferred to another court if:

16   "(1) that court is one where the action might have been brought; (2) the transfer serves the

17   convenience of the parties; and (3) the transfer will promote the interests of justice."   Id. (citations

18   omitted).

19   **I.**     **THIS ACTION COULD HAVE BEEN BROUGHT IN THE EASTERN DISTRICT OF**

20          **VIRGINIA.**

21         Plaintiff certainly could have brought this action in the Eastern District of Virginia.  Venue in

22   ERISA cases is proper in any district "where the plan is administered, where the breach took place,

23   or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).   "Courts liberally construe

24   these provisions to find that a breach occurs where the plan participant expects to receive benefits,"

25   in this case, the Eastern District of Virginia. Teets v. Great-West Life & Annuity Ins. Co., No. 2:14–

26   cv–1360 KJM DAD, 2014 WL 4187306, at *2 (E.D. Cal. Aug. 21, 2014); see also Frias v. Aetna

27   Life Ins. Co., No. 14–cv–03146–TEH, 2014 WL 5364105, at *2 (N.D. Cal. Oct. 21, 2014) ("Because

28   Plaintiff is a resident of Arizona, she would have received benefits in that state, and therefore the

DEFENDANT'S MOTION TO TRANSFER VENUE         (Case No.  3:15-cv-03051-LB)

1   alleged breach took place in the District of Arizona."); see also Smart v. Sw. Carpenters Pension

2   Plan, No. 6:13–CV–02002–AA, 2014 WL 412568, at *1 (D. Or. Jan. 30, 2014).

3         Cigna is a corporation with its principal place of business in Connecticut.  (Compl. ¶ 5.)

4   Plaintiff generally alleges jurisdiction is proper in the Northern District of California because Cigna

5   is "authorized to transact and transacting business in this judicial district" and, therefore, may be

6   "found" here.  (Id.)  However, Cigna is an insurance company that regularly conducts business

7   nationwide and, therefore may likewise be "found" in the Eastern District of Virginia.  See, e.g.,

8   Frias, 2014 WL 5364105, at *2 (recognizing that Aetna is an insurance company regularly

9   conducting business nationwide and, therefore, could be "found" in the District of Arizona in the

10  same way it could be "found" in the Northern District of California).   Thus, the first prong of the

11  transfer analysis is satisfied.

12  **II.       TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA IS PROPER.**

13        "Once it is established that a venue is appropriate in an alternative district, the district court

14  weighs eight factors in determining whether to transfer venue: (1) the plaintiff's choice of forum; (2)

15  the convenience of the parties; (3) the convenience of witnesses; (4) the ease of access to the

16  evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of

17  consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court

18  congestion and the time of trial in each forum."  Frias, 2014 WL 5364105, at *2 (citing Jones, 211

19  F.3d 495).

20              **A.       Plaintiff's Choice Of Forum Holds Only Minimal Weight Because He Is**

21                      **Not A Resident Of California And The Operative Facts Of This Case**

22                      **Occurred in Virginia.**

23        Though a plaintiff's choice of forum generally is accorded substantial weight, it "is not the

24  final word."  Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).  Where the

25  "operative facts have not occurred within the forum and the forum has no interest in the parties or

26  subject matter, [plaintiff's] choice is entitled to only minimal consideration."  Frias, 2014 WL

27  5364105, at *3 (citation omitted).  In fact, "[t]his is particularly true where plaintiff is not a resident

28  of the judicial district where he has instituted suit."  Id. (citation omitted); see also Stewart v. Jos. A.

-4-

DEFENDANT'S MOTION TO TRANSFER VENUE                          (Case No.  3:15-cv-03051-LB)

1  Bank Clothiers, Inc., No. C-09-5348 PJH, 2010 WL 545846, at *3 (N.D. Cal. Feb. 11, 2010) (noting

2  deference to plaintiff's choice of forum is "considerably diminished when the plaintiff has brought a

3  claim in a district that does not include his or her residence."); Lopez v. Chertoff, No. C-06–05000

4  RMW, 2007 WL 2113494, at *2 (N.D. Cal. July 20, 2007) ("[t]he weight given to the plaintiff's

5  choice of forum diminishes when the plaintiff resides outside the chosen forum."); Wireless

6  Consumers Alliance, Inc. v. T-Mobile USA, Inc., No. C 03–3711 MHP, 2003 WL 22387598, at *3

7  (N.D. Cal. Oct. 14, 2003) ("A plaintiff's choice [of forum] . . . commands only minimal

8  consideration if he does not reside in the district where he brought the suit, the operative facts have

9  not occurred there and the forum has no particular interest in the parties or subject matter.").   Where

10  the degree of deference given to plaintiff's choice of venue is reduced, defendant's burden to

11  overcome plaintiff's choice is also reduced.   Gupta v. Perez, No. 5:14–cv–01102 HRL, 2014 WL

12  2879743, at *3 (N.D. Cal. June 24, 2014).

13      As set forth above, Plaintiff does not live or work in California – he lives in Virginia and

14  works in Washington, D.C.   Accordingly, his forum choice deserves far less deference than if the

15  Northern District of California had been his home district. See, e.g., Smart, 2014 WL 412568, at *2

16  (transferring case from the District of Oregon to the Central District of California because, *inter alia*,

17  "during all relevant time periods, plaintiff resided and worked in the Central District of California.");

18  Cartwright v. Regents of Univ. of California, No. C 05-4610 PJH, 2006 WL 42337, at *2 (N.D. Cal.

19  Jan. 6, 2006) (granting defendants' motion to transfer, in part, because Plaintiff did not live in the

20  Northern District of California and had no meaningful contacts there).

21      Indeed, the "interest of justice" prong of 28 U.S.C. § 1404(a) "has a built-in mechanism to

22  remedy the evils of forum shopping by giving little or no weight to the plaintiff's choice of forum

23  away from home and without ties to the controversy." Wireless Consumers, 2003 WL 22387598, at

24  *5; see also Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any

25  indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be

26  accorded little deference."); Foster v. Nationwide Mut. Ins. Co., No. C 07-04928 SI, 2007 WL

27  4410408, at *2 (N.D. Cal. Dec. 14, 2007) ("Where forum shopping is evident, however, courts

28  should disregard plaintiff's choice of forum.").   In deciding the weight to be given to plaintiff's

DEFENDANT'S MOTION TO TRANSFER VENUE                    (Case No.  3:15-cv-03051-LB)

1  choice, "consideration must be given to the extent both of the defendant's business contacts within

2  the chosen forum and of the plaintiff's contacts, including those relating to his cause of action."

3  Gupta, 2014 WL 2879743, at *3 (citation omitted).

4      Cigna's principal place of business is in Connecticut. (Compl. ¶ 5.) Although Cigna is

5  "authorized to transact and transacting business in this judicial district," the events giving rise to

6  Plaintiff's cause of action did not occur here. Specifically: (1) B.R. received the occupational

7  therapy treatment at issue at his home in *Virginia*; (2) Plaintiff filed various claims for benefits with

8  Cigna relating to B.R.'s treatment from his home in *Virginia*; (3) Cigna denied the benefits via

9  correspondence that Plaintiff received in *Virginia*; and (4) Dr. Weinstein, who proscribed the

10 treatment at issue, is located in *Virginia*. All of the health care providers who evaluated and/or

11 treated B.R. are located in *Virginia*.

12      This case bears a striking resemblance to Frias v. Aetna Life Insurance Co., another ERISA

13 benefit denial case filed in the Northern District of California. In that case, Frias lived and worked

14 in Arizona. Frias, 2014 WL 5364105, at *1. Frias was treated by physicians and specialists in

15 Arizona. Id. Aetna paid benefits for a period of time, but then terminated Frias' benefits. Id. Frias

16 filed suit against Aetna in this judicial district asserting – like here – that, even though Aetna was

17 based in Connecticut, venue was proper in the Northern District of California because Aetna could

18 be "found" here. Id. The Northern District of California granted Aetna's motion to transfer the case

19 to the District of Arizona, noting that "[b]ecause [p]laintiff does not reside in California and none of

20 the operative events took place in California, the Court affords [p]laintiff's choice of forum only

21 minimal consideration." Id. at *4. The court rejected Frias' argument that a plaintiff's choice of

22 forum is accorded greater weight in an ERISA action than in other cases. Id. at *3. Rather, the court

23 held that "ERISA disputes are regularly transferred from one court to another, despite a plaintiff's

24 choice of forum, which is not an abuse of discretion when other factors favor transfer." Id.

25      A similar outcome was reached in M.K. v. Visa Cigna Network POS Plan, No. 12-cv-04652-

26 LHK, 2013 WL 2146609 (N.D. Cal. May 15, 2013). In Visa, plaintiff M.K. lived and worked in

27 Utah, received medical care in Utah, and the benefits were denied in Utah, but plaintiff filed suit

28 against Visa in the Northern District of California. Id. at *1. Given the lack of any significant

DEFENDANT'S MOTION TO TRANSFER VENUE                    (Case No. 3:15-cv-03051-LB)

1   connection between this district and plaintiff's asserted claims, the court afforded plaintiff's choice

2   of forum minimal deference. Id. at *4. Granting Visa's motion to transfer to the District of Utah,

3   the court noted that there was "no reason why transferring this case to the judicial district in which

4   she resides and in which she sought treatment would prove overly burdensome." Id.

5       California is not Plaintiff's home state, and it has no ties to the underlying controversy

6   regarding B.R.'s claims for benefits.   As in Frias and Visa, there is simply no good reason for this

7   case to have been filed in this judicial district.  Accordingly, Plaintiff's choice of forum should be

8   afforded little deference, and the "interest of justice" factor weighs powerfully in favor of transfer

9   under the facts of this case.

10          **B.      The Convenience Of The Parties Weighs In Favor Of Transfer.**

11      Here, transfer best serves the convenience of the parties.  Plaintiff cannot reasonably contend

12  that the Northern District of California is more convenient for him than the Eastern District of

13  Virginia, where both he and his son live.  Cigna is based in Connecticut and its geographic proximity

14  to the Eastern District of Virginia would also make it a more convenient forum for Cigna than the

15  Northern District of California.   Moreover, Plaintiff's selection of California counsel "is of no

16  consequence." Frias, 2014 WL 5364105, at *4.    Plaintiff's law firm, Kantor & Kantor, LLP,

17  litigates cases in states throughout the country and is perfectly equipped to litigate in another federal

18  court outside California. Id.

19          **C.      The Convenience Of The Witnesses Weighs In Favor Of Transfer.**

20      "The relative convenience to the witnesses is often recognized as the most important factor to

21  be considered in ruling on a motion under § 1404(a)." Shabani, 2012 WL 4675047, at *4 (citation

22  omitted).  Indeed, "[t]he convenience of non-party witnesses is a more important factor than the

23  convenience of the parties." Id.; see also Stewart, 2010 WL 545846, at *3 ("The convenience of the

24  witnesses is the most important factor in the § 1404(a) transfer determination.").

25      Here, the vast majority, if not all, of the non-party witnesses are located in or around Virginia

26  and the Mid-Atlantic area.  ***Ms. Ridenour***, and Plaintiff's entire family, including ***B.R.***, live in

27  Virginia.   The occupational therapist who purportedly provided the services at issue to B.R.,

28

-7-

DEFENDANT'S MOTION TO TRANSFER VENUE                    (Case No.  3:15-cv-03051-LB)

1   ***Barbara "Bea" Bruno*** is located in Virginia and her services for B.R. were performed in Virginia.[8]

2   ***Dr. Samuel Weinstein***, B.R.'s pediatrician who prescribed the occupational therapy at issue in this

3   litigation, is located in Virginia.   (See Compl. ¶¶ 10, 12. 18, 27, 28, 31, 36, 37, 38, 39.)   Every other

4   health care provider who rendered medical services of any kind to B.R. did so in Virginia.

5   Moreover, the two medical directors for Cigna who reviewed the "medical necessity" of B.R.'s

6   treatment and are identified by name in the Complaint, ***Dr. Frank Brown*** and ***Dr. Daniel Nicoll***

7   (Compl. ¶¶ 38-39), are located in Richmond, Virginia and New York, New York, respectively.

8   Plaintiff does not – and cannot – identify any relevant witnesses located in California.

9   Under the facts here, Virginia provides a far more convenient forum for all of the significant non-

10   party witnesses in this matter.

11   **D.      The Ease Of Access To Evidence Weighs In Favor Of Transfer.**

12   Although Cigna's principal place of business is in Connecticut, and certain relevant

13   documents are maintained there, given the technological advances in electronic discovery and

14   production, this will be provided to Plaintiff with "indistinguishable levels of inconvenience"

15   regardless of the district.   Frias, 2014 WL 5364105, at *5.   With that said, Connecticut is

16   substantially closer to Virginia than it is to California.   Records relating to the administration of the

17   Plan are located at non-party Orrick's offices in Wheeling, West Virginia.   Further, medical records

18   regarding B.R.'s occupational therapy treatment from non-parties Dr. Weinstein and Beatrice Bruno,

19   as well as other medical records, are located in Virginia.   As such, the documentary evidence from

20   key *non-parties* is located in Virginia, or at least the Mid-Atlantic region generally, and, therefore,

21   the ease of access to evidence favors transfer to the Eastern District of Virginia.

22   **E.      Familiarity With The Applicable Law Is A Neutral Factor.**

23   Both the Northern District of California and the Eastern District of Virginia are equally

24   familiar with ERISA, rendering this, at worst, a neutral factor. See Frias, 2014 WL 5364105, at *5

25   ("ERISA is a federal statute. Consequently, the District of Arizona and the Northern District of

26   California are equally familiar with the applicable law in this case, rendering this factor neutral.");

27

28

---

[8]   Again, it appears that Ms. Ridenour and B.R. lived with Ms. Bruno in Hawaii for a short
period, but are now back in Virginia.

DEFENDANT'S MOTION TO TRANSFER VENUE                    (Case No.  3:15-cv-03051-LB)

1  Visa, 2013 WL 2146609, at *4 ("the concern regarding a conflict of laws is inapposite here because

2  ERISA is a federal statute that is uniform across the United States. Consequently, either forum is

3  equally capable of hearing and deciding this case."); David v. Alphin, No. C06–04763 WHA, 2007

4  WL 39400, at *5 (N.D. Cal. Jan. 4, 2007) ("This is an ERISA action which will be decided

5  exclusively under federal law regardless of where it is heard.").[9]  Moreover, to the extent this dispute

6  involves questions of state law, those questions would likely be governed by Virginia law, which is

7  where the activities at issue occurred, and the Eastern District of Virginia would, of course, be more

8  familiar with the applicable Virginia law.

9  **F.    Court Congestion Weighs In Favor Of Transfer.**

10  Cigna and presumably, the Plaintiff, are interested in reaching a resolution to this matter as

11  quickly as possible.   In this regard, the relative court congestion favors transfer to the Eastern

12  District of Virginia.  According to Federal Management Statistics from March 2015, the median time

13  from filing to trial for civil cases is 30.5 months in the Northern District of California, whereas it is

14  only 10.7 months in the Eastern District of Virginia.[10]   The parties will be likely to reach resolution

15  of this matter quicker in the Eastern District of Virginia than in this judicial district, which further

16  supports venue transfer.  Teets, 2014 WL 4187306, at *2 (finding cases "move more quickly to

17  disposition and trial" in the District of Colorado than in the Eastern District of California, "a factor

18  suggesting that a transfer will serve the interest of justice.").

19  **G.    The Eastern District of Virginia Has More Of A Local Interest In**
20  **Adjudicating This Controversy.**

21  Neither party is located in the Northern District of California such that this judicial district

22  has a local interest in adjudicating this ERISA claim for wrongful denial of benefits.  In contrast, the

23  Eastern District of Virginia has an interest in addressing the rights of its citizens claiming insurance

24  benefits.   Indeed, the Eastern District of Virginia has an especially strong local interest in this case,

25  because Plaintiff is a resident of Virginia, his son, B.R. is a minor resident of Virginia, B.R. received

26

27  [9]     To the extent Plaintiff contends an interpretation of California Ins. Code Section 10169,
28  "other federal courts are fully capable of applying California law." Foster, 2007 WL 4410408, at *6.
[10]     See Federal Court Management Statistics March 2015, available at
http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/03/31-3.

-9-
DEFENDANT'S MOTION TO TRANSFER VENUE                    (Case No.  3:15-cv-03051-LB)

1    medical treatment in Virginia, Plaintiff was denied insurance benefits in Virginia, and was allegedly

2    harmed in Virginia.  See, e.g., Frias, 2014 WL 5364105, at *5 ("California's interest in this matter is

3    greatly outweighed by that of Arizona."); see also Visa, 2013 WL 2146609, at *4 (finding that Utah

4    had "more of an interest" in the controversy than the Northern District of California because the

5    plaintiff resided, worked, and received medical treatment in Utah, and because the only connection

6    to the Northern District of California was that the defendant was headquartered here); Smart, 2014

7    WL 412568, at *2 (transferring case from the District of Oregon to the Central District of California

8    because, *inter alia*, Oregon has a "very limited connection to the underlying controversy.").

9        Nor does the prior involvement of the California Department of Insurance ("DOI") change

10   this result.  First, the California DOI has not been involved since Cigna wrote to it on November 26,

11   2014, explaining the delay in processing, and raising several coverage issues that are outside the

12   scope of the Independent Medical Review ("IMR") process referred to in the Complaint.  (See

13   Brown Dec. at ¶ 6, and Cal. Health & Safety Code § 1374.30.)  Nor have the two prior IMR reports

14   addressed, in any way, the appropriateness of 20 to 35 hours a week of occupational therapy, or the

15   issues of whether these services are actually being provided at the level billed, which are the central

16   issues in this dispute.  (See Exhibits 6 and 7.)  Even if the prior DOI involvement raised some

17   California interest, such an interest would be greatly reduced by the fact that this dispute does not

18   impact citizens of California, but rather exclusively concerns citizens of Virginia.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-10-

1

**CONCLUSION**

2      For the foregoing reasons, Cigna respectfully requests the Court transfer this case to the

3  Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

4

5  DATED:  August 18, 2015

Respectfully submitted,

6

ALSTON & BIRD LLP

7

By: /s/ Emily S. Costin
Emily S. Costin (State Bar No. 240414)
8  950 F St., NW
Washington, DC 20004
9  Telephone: (202) 239-3300
Facsimile:  (202) 239-3333
10  Emily.costin@alston.com

11

and

12  Ryan T. McCoy (State Bar No. 239882)
333 South Hope Street, 16th Floor
13  Los Angeles, CA  90071-1410
Telephone:  213-576-1000
14  Facsimile:  213-576-1100
ryan.mccoy@alston.com

15

*Counsel for Def. Cigna Health & Life Ins. Co.*

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

1

**CERTIFICATE OF SERVICE**

2

I, RYAN MCCOY, certify and declare as follow:

3

  1.  I am over the age of 18 and not a party to this action.

4

  2.  My business address is 333 South Hope Street, Sixteenth Floor, Los Angeles

5

California 90071.

6

  3.  On August 18, 2015, I caused a copy of the **DEFENDANT'S MOTION TO**

7

**TRANSFER VENUE AND SUPPORTING DOCUMENTS** to be served upon the following

8

counsel via the Court's CM/ECF system:

9

KANTOR & KANTOR, LLP     *Counsel for Plaintiff*

10

Lisa S. Kantor (State Bar No. 110678)  DAVID RIDENOUR
Elizabeth K. Green  (State Bar No. 199634)

11

19839 Nordhoff Street
Northridge, CA 91324

12

Telephone: (818) 886-2525
Facsimile: (818) 350-6272

13

lkantor@kantolaw.net
egreen@kantorlaw.net

14

15

  I declare under penalty of perjury under the laws of the United States that the forgoing is true

16

and correct.  Executed on the 18th, day of August, 2015 at Los Angeles, California.

17

18

              */s/ Ryan McCoy*
              Attorneys for Defendant

19

              CIGNA HEALTH AND LIFE INSURANCE CO.

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO TRANSFER VENUE        (Case No.  3:15-cv-03051-LB)